IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK09-40415-TLS |
| | ) | |
| TODD A. HEDLUND and | ) | CH. 7 |
| KELLY A. HEDLUND, | ) | |
| | ) | |
| Debtors. | ) | |

## ORDER

Hearing was held in Lincoln, Nebraska, on July 22, 2009, on Debtors' Motion to Avoid Judgment Lien (Fil. #23), an Objection to Debtors' Claim of Exemptions filed by Bear Rock Franchise Systems, Inc. (Fil. #28), an Objection and Amended Objection to Debtors' Motion to Avoid Judgment Lien filed by Bear Rock Franchise Systems, Inc., et al. (Fils. #29 and #30), and Debtors' Resistance to the Objection to Claim of Exemptions (Fil. #33). Trev Peterson appeared on behalf of Debtors, and Mark Raffety appeared for Bear Rock Franchise Systems, Inc., Bear Rock Holdings, Inc., and W.G. Bryant (collectively "Bear Rock").

Beginning first with Debtors' Motion to Avoid Lien (Fil. #23). It is undisputed that on March 26, 2008, Bear Rock obtained a judgment against Debtors in the United States District Court for the Eastern District of North Carolina in the amount of $192,820.01, plus interest at 8% per annum from November 1, 2007. An additional judgment in the amount of $5,982.16 was subsequently awarded. The judgments were transcribed to Lancaster County, Nebraska, on October 23, 2008.

On February 19, 2008, Debtors obtained a mortgage from Mutual of Omaha, which was perfected against their primary residence located at 5120 South 90th Street, Lincoln, Nebraska. The current amount due on the mortgage is $411,114.91. On April 3, 2008, Debtors executed a deed of trust encumbering their residence in favor of Howard County Bank, which is now held by the FDIC. According to the affidavits, the amount due to Howard County Bank is $236,607.25.

Debtors brought the motion under 11 U.S.C. § 522(f)(1). That section permits a debtor to avoid the fixing of a judicial lien on the debtor's interest in property to the extent that such a lien impairs an exemption to which the debtor would have been entitled. Section 522(f)(2) sets out the formula to be followed in determining whether a lien impairs an exemption:

> (A) For the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of —
> (i) the lien;
> (ii) all other liens on the property; and
> (iii) the amount of the exemption that the debtor could claim if there were no liens on the property;
> exceeds the value that the debtor's interest in the property would have in the absence of any liens.

"Section 522(f)(2)(A) is a congressionally mandated bright line formula for determining how to calculate the extent to which a judicial lien impairs an exemption." *Kolich v. Antioch Laurel Veterinary Hosp., Inc. (In re Kolich)*, 273 B.R. 199, 206 (B.A.P. 8th Cir. 2002). That decision was affirmed by the Eighth Circuit Court of Appeals at 328 F.3d 406 (8th Cir. 2003). The Eighth Circuit recognized that the literal application of the statutory formula could allow consensual lienholders to "move up" in priority at the expense of judicial lienholders. However, the Court of Appeals recognized that Congress wrote § 522(f) with the intention of treating consensual lienholders more favorably than judicial lienholders. 328 F.3d at 410.

In applying the *Kolich* decision in this case and plugging the numbers into the statutory formula, it becomes clear that the Bear Rock lien must be avoided.

| | |
|---|---|
| Bear Rock judgment | $198,802.17 (plus interest) |
| Mutual of Omaha first lien | 411,114.91 |
| Howard County Bank second lien | 236,307.25 |
| Homestead exemption | 60,000.00 |
| Total liens plus exemption | $906,224.33 |
| | |
| Less value of Debtors' interest in property absent any liens | <$640,000.00>[1] |
| | |
| Impairment | $266,224.33 |

Clearly, the amount of the impairment exceeds the amount of Bear Rock's lien. That is true even when considering the interest that has accrued on Bear Rock's judgment since that interest would also increase the amount of the impairment. Therefore, if all the consensual liens against the property are valid, the judgment lien could be avoided in its entirety.

In resistance to the motion to avoid lien and its objection to Debtors' claim of exemptions, Bear Rock asserts that the second lien in favor of Howard County Bank was a fraudulent transfer and should not be considered. However, as of this date, no adversary proceeding has been commenced against Howard County Bank (or its successor, the FDIC) to determine the validity and priority of its lien or to avoid its lien as a fraudulent transfer. Simply raising it as a defense to the motion to avoid lien, or in an objection to Debtors' claim of exemptions, is not the proper vehicle for avoiding a lien, particularly considering that Howard County Bank/FDIC is not even a party to such proceedings. *See* Fed. R. Bankr. P. 7001(2).

---

[1] The only evidence of the value of the property was that stated in the affidavit of Debtors. Bear Rock did not put on any evidence of value.

If the Howard County Bank/FDIC lien is avoided as a fraudulent transfer, then Bear Rock's lien will not be entirely avoidable.[2] As discussed above, if Bear Rock is serious about challenging the validity of the Howard County Bank/FDIC lien, it will need to file an adversary proceeding to do so. Therefore, it is appropriate to defer ruling on the motion to avoid lien to provide an opportunity for Bear Rock to commence appropriate proceedings.

IT IS, THEREFORE, ORDERED that:

1. Debtors' Motion to Avoid Lien (Fil. #23) is deferred until further order of this Court. If an adversary proceeding as discussed in subparagraph 2 below is not filed by August 21, 2009, the motion will be granted without further proceedings; and

2. The Objection to Exemptions (Fil. #28) is denied without prejudice to filing an adversary proceeding to avoid the lien of Howard County Bank/FDIC if Bear Rock so elects.

DATED: July 29, 2009.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
*Trev Peterson
*Mark Raffety

Movant (*) is responsible for giving notice to other parties if required by rule or statute.

---

[2]

| | |
|---|---|
| Amount of Bear Rock's judgment: | $ 198,802.17 |
| Amount of Mutual of Omaha's first lien: | $ 411,114.91 |
| Amount of exemption Debtors could claim absent any liens: | $ 60,000.00 |
| Total: | $ 669,917.08 |
| Less value of Debtors' interest absent any liens: | $ 640,000.00 |
| Extent of impairment (amount of lien to be avoided): | $ 29,917.08 |